IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**ERNEST J. FERNANDO,**

    **Plaintiff,**

vs.                  No. Civ. 21-1196 JCH/KK

**THE UNITED STATES OF AMERICA,**

    **Defendant.**

### MEMORANDUM OPINION AND ORDER

On July 1, 2022, Defendant The United States of America ("United States" or "Defendant") filed a *Motion to Dismiss Plaintiff's Complaint for Personal Injuries and Property Damage, and Memorandum in Support* (ECF No. 14), arguing that Plaintiff Ernest J. Fernando ("Fernando" or "Plaintiff") failed to timely file his administrative claim with the appropriate federal agency as required by the Federal Tort Claims Act ("FTCA"). Plaintiff contends that he submitted his Standard Form 95 naming the Department of Defense ("DOD") to the Office of the General Counsel because other federal agencies provided that address and direction to counsel's paralegal as the appropriate address. Accordingly, Plaintiff argues that he timely constructively filed his claim, and the motion should be denied. The Court, having considered the motion, briefs, arguments, evidence, and relevant law, concludes that this motion should not be decided on a Rule 12(b)(1) standard, but should be treated as a motion for summary judgment under Rule 56. Because the parties did not rely on Rule 56 in their briefs, and in accordance with Rule 12(d), the parties should be given an opportunity to submit additional material that is pertinent to the motion before the Court reaches the merits of the statute-of-limitations issue on a summary judgment standard.

I.    **FACTUAL BACKGROUND**

On February 4, 2018, Fernando was driving his truck eastbound on Interstate 40 when the motor vehicle in front of him swerved to avoid hitting a metal box in the road. (Compl. ¶¶ 8-11, ECF No. 1.) As it was too late to avoid hitting the box, Plaintiff crashed into it and was injured. (*Id.* ¶¶ 12-16.) According to the complaint, the United States, acting through the DOD, caused the metal box to drop onto Interstate 40, resulting in Plaintiff's personal injuries and property damage. (*See id.* ¶ 18.)

Plaintiff filed his federal complaint for negligence and negligence per se against the United States on December 17, 2021. (Compl. 3-5, ECF No. 1.) Defendant moved to dismiss the complaint for lack of subject matter jurisdiction under Rule 12(b)(1) for failing to timely file his administrative claim with the proper federal agency in accordance with the FTCA. Defendant relied on evidence outside the record in support of its motion. In response, Plaintiff argues the Court should find a constructive filing, and that the filing was timely. Plaintiff likewise submitted evidence outside the pleadings and relied on that evidence in its argument. In its reply, Defendant relied on rebuttal evidence outside the pleadings.

II.   **STANDARD**

As a sovereign, the United States is immune from suit unless it consented to be sued. *See Hart v. Department of Labor ex rel. U.S.*, 116 F.3d 1338, 1339 (10th Cir. 1997). Congress enacted a limited waiver of the United States' immunity in the FTCA, which must be strictly construed. *See id.* The United States' motion to dismiss relies on a defense that Plaintiff's claims are time-barred under § 2401(b) of the FTCA. In 2015, the United States Supreme Court ruled that the FTCA's time-bar is non-jurisdictional and subject to equitable tolling. *United States v. Wong*, 575 U.S. 402, 420 (2015).

Despite citing *Wong* in its reply for the proposition that the FTCA's time bars are non-jurisdictional, the United States brings this motion as one to dismiss under Rule 12(b)(1) for lack of subject-matter jurisdiction. (*See* Def.'s Mot. 4, ECF No. 14) (citing Fed. R. Civ. P. 12(b)(1)). In his response, Plaintiff cited both Rule 12(b)(6)'s standard as well as the rule that the court may convert a Rule 12(b)(1) motion to dismiss into a motion for summary judgment when resolution of the jurisdictional issue is intertwined with the merits of the case. (*See* Pl.'s Resp. 1-2, ECF No. 23). Both parties relied on evidence outside the pleadings in support of their respective positions.

A party may move to dismiss under Rule 12(b)(1) generally in two ways: (1) a facial attack that assumes the allegations in the complaint are true, but asserts that they fail to establish subject matter jurisdiction; or (2) a factual attack that challenges the actual facts upon which subject matter jurisdiction is based, and a court has wide discretion to consider affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts. *Baker v. USD 229 Blue Valley*, 979 F.3d 866, 872 (10th Cir. 2020). Conversion of a Rule 12(b)(1) motion into a Rule 12(b)(6) or Rule 56 motion is not required unless the resolution of the jurisdictional question is intertwined with the merits. *Id.*

Here, however, the motion to dismiss is based on a non-jurisdictional statute of limitations. *See Wong*, 575 U.S. at 420 (concluding that the FTCA's time-bar in § 2401(b) is non-jurisdictional). The Court is thus not convinced that Rule 12(b)(1) is the correct procedural rule by which to consider this issue. *See Chance v. Zinke*, 898 F.3d 1025, 1033 (10th Cir. 2018) (concluding that district court erred in dismissing the plaintiff's complaint for lack of subject matter jurisdiction on timeliness grounds, because § 2401(a) of the FTCA is not a jurisdictional statute of limitations). The proper vehicle to move to dismiss a claim on non-jurisdictional statute

of limitations grounds, instead, is a Rule 12(b)(6) motion to dismiss, which generally is limited to the allegations of the complaint. *See id.* at 1034 & n.7.

A court nevertheless may convert a motion to dismiss into one for summary judgment according to Rule 12(d): "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). Given that both parties relied on evidence outside the complaint for resolution of this issue, the Court is inclined to treat the motion as one for summary judgment.

To ensure that the record is complete and that the parties have an opportunity to address the proper standard, the Court will allow Plaintiff 14 days to submit a brief on this issue with any additional material he wishes the Court to consider that is pertinent to the statute of limitations issue. The Court will then allow Defendant to file a brief on this issue with any additional evidence it wishes the Court to consider within 14 days from the filing of Plaintiff's brief. The parties should address in their briefs the proper standard for the Court in ruling on the statute of limitations issue.

One more issue needs to be addressed herein on a jurisdictional question raised by the United States in footnote 2 of the United States' motion. In footnote 2, the United States asserts that, because the Form 95 alleges that a private shipping company, not a government employee, was transporting the box that dropped on the interstate, the Form 95 provides "a separate jurisdictional basis for dismissal of Plaintiff's claims." (Gov.'s Mot. 3 n.2, ECF No. 14.) The United States cites 28 U.S.C. § 2671, which defines federal agencies and employees of the government, and mentions "FTCA's independent contractor exception." (*Id.*) The Government notes, however, that, unlike the Form 95 claims, Plaintiff's complaint alleges that the DOD's

4

actions caused the metal box to drop. The United States, however, does not further flesh out this argument, nor did Plaintiff address it. The briefing on this issue is inadequate for the Court to rule on this issue in the alternative. Should the United States wish to pursue this argument further, it will need to file a separate motion, explaining the standard, law, and application of the facts to the law to give Plaintiff an opportunity to file a response, and to enable full briefing and consideration by the Court.

**IT IS THEREFORE ORDERED** that the Court will **RESERVE RULING** on The United States of America's *Motion to Dismiss Plaintiff's Complaint for Personal Injuries and Property Damage, and Memorandum in Support* (**ECF No. 14**). The Court hereby gives notice of its intent to convert the motion to dismiss into a motion for summary judgment under Rule 12(d). Plaintiff may file a brief within 14 days from entry of this Memorandum Opinion and Order to address the FTCA statute of limitations issue and to present further materials in support of his position. Defendant may thereafter file a brief on the issue, with any further materials in support of its position, within 14 days from the filing of Plaintiff's brief, or if Plaintiff chooses not to file a brief, within 28 days of the entry of this Memorandum Opinion and Order.

_____
SENIOR UNITED STATES DISTRICT JUDGE