IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**ERNEST J. FERNANDO,**

           **Plaintiff,**

**vs.**                                                            **No. Civ. 21-1196 JCH/KK**

**THE UNITED STATES OF AMERICA,**

           **Defendant.**

**MEMORANDUM OPINION AND ORDER**

On July 1, 2022, Defendant The United States of America ("United States" or "Defendant") filed a *Motion to Dismiss Plaintiff's Complaint for Personal Injuries and Property Damage, and Memorandum in Support* (ECF No. 14), arguing that Plaintiff Ernest J. Fernando ("Fernando" or "Plaintiff") failed to timely file his administrative claim with the appropriate federal agency as required by the Federal Tort Claims Act ("FTCA"). Plaintiff contends that he submitted his Standard Form 95 naming the Department of Defense ("DOD") to the Office of the General Counsel because other federal agencies so directed counsel's paralegal, and that it should be deemed constructively filed within the limitations period. Plaintiff additionally argues that the motion should be denied because equitable estoppel applies. The Court, having considered the motion, briefs, supplemental briefs, arguments, evidence, and relevant law, concludes that Defendant is entitled to summary judgment.

    **I.**        **STANDARD**

"If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is

pertinent to the motion." Fed. R. Civ. P. 12(d). Both parties submitted and relied upon evidence outside the complaint. The Court gave them notice of its intent to convert the motion to one for summary judgment. (Mem. Op. and Order 1, 5, ECF No. 28.) The parties each filed supplemental briefs. (*See* Pl. Supp. Resp., ECF No. 31; Def.'s Supp. Br., ECF No. 32.) The Court will therefore convert the motion to dismiss to a motion for summary judgment.

In reviewing a motion for summary judgment, the moving party initially bears the burden of showing that no genuine issue of material fact exists. *Shapolia v. Los Alamos Nat'l Lab.*, 992 F.2d 1033, 1036 (10th Cir. 1993). Once the moving party meets its burden, the nonmoving party must "come forward with specific facts showing" that genuine issues remain for trial. *Id.* The nonmoving party must go beyond the pleadings and by its own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). A court must construe all facts and reasonable inferences in the light most favorable to the nonmoving party. *Quaker State Minit-Lube, Inc. v. Fireman's Fund Ins. Co.*, 52 F.3d 1522, 1527 (10th Cir. 1995). Only disputes of fact that might affect the outcome of the case will properly preclude the entry of summary judgment. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. *See id.* at 248.

A statute of limitations defense is an affirmative defense. *See* Fed. R. Civ. P. 8(c)(1). A defendant has the initial burden of demonstrating an affirmative defense. *See Roberts v. Barreras*, 484 F.3d 1236, 1241 (10th Cir. 2007) (observing "the burden of proving all affirmative defenses rests on the defendant"). Once the defendant meets its burden, the burden shifts to the plaintiff to show that equitable tolling applies by setting forth sufficient facts to support his position. *Molina*

*v. United States*, Case No. 2:18-CV-00217 JAP/GJF, 2019 WL 3975372, at *4 (D.N.M. Aug. 22, 2019). *Cf. Roberts*, 484 F.3d at 1240 (under New Mexico law, party claiming equitable tolling applied had burden of proof for equitable tolling).

## II.     FACTUAL BACKGROUND

According to the complaint, on February 4, 2018, Fernando was driving his truck eastbound on Interstate 40 when the motor vehicle in front of him swerved to avoid hitting a metal box in the road. (Compl. ¶¶ 8-11, ECF No. 1.) As it was too late to avoid hitting the box, he crashed into it and was injured. (*Id.* ¶¶ 12-16.) Fernando asserts in the complaint that the United States, acting through the DOD, caused the metal box to drop onto Interstate 40, resulting in Plaintiff's personal injuries and property damage. (*See id.* ¶ 18.)

Fernando, through his attorney, sent via fax and certified mail on February 3, 2020, a Claim for Damage, Injury, or Death, also known as a Standard Form 95 ("Form 95"), seeking specified damages arising from the vehicle collision. (*See* Lewis Decl. ¶ 3, ECF No. 14-1; Form 95, ECF No. 14-2 and 23-1 at 4; U.S. Postal Service receipt, ECF No. 23-1 at 10 of 11; FedEx receipt, ECF No. 23-1 at 11 of 11.) In the box entitled, "Submit To Appropriate Federal Agency," Plaintiff listed the "Department of Defense." (Form 95, ECF No. 14-2 at 1 of 2.) As the basis of his claim, Plaintiff asserted that on "February 4, 2018, Prompt Shippers, Inc. (and/or WMC Transporters, LLC) dropped a metal container onto Interstate 40 into the path of eastbound traffic," causing Plaintiff's damages, and that Prompt Shippers Inc. and/or WMC Transporters, LLC appeared to have been transporting the container for the Department of Defense. (*Id.*)

Accompanying the Form 95 was a cover letter dated February 3, 2020, from Fernando's attorney to the Office of the General Counsel ("OGC") of the Administrative Office of the United States Courts ("AOUSC"), informing the agency that his Standard Form 95 was enclosed and

being faxed, and that a CD containing other evidence was being mailed on that date. (Feb. 3, 2020, Letter, ECF No. 14-3 and 23-1 at 3.) The Form 95 was mailed on February 3, 2020, to the Office of the General Counsel, Administrative Office of the U.S. Courts. (*See* Vasquez Aff. ¶¶ 10-11, ECF No. 23-1; Certified Mail Receipt, ECF No. 23-1 at 10.) A fax report indicates the cover letter and three other pages were faxed to the destination on February 4, 2020, and received by fax at 7:44 a.m. (*See* Send Result Report, ECF No. 23-1 at 7 of 11.) The fax number used is to a fax machine in the OGC-AOUSC. (Lewis Decl. ¶ 6, ECF No. 25-1.) In a different February 3, 2020, cover letter, Plaintiff's counsel said he submitted the Form 95 via fax and email to the "Office of the General Counsel c/o Standards of Conduct Office" of the "Administrative Office of the United States Courts." (Feb. 3, 2020, letter, ECF No. 23-1 at 6 of 11.) Each of the February 3, 2020, cover letters were mailed to the same address of Suite 7-290, One Columbus Circle NE, Washington, DC 20544. (*See* Feb. 3, 2020, letters, ECF No. 23-1 at 3 and 6 of 11.)

Prior to sending the claim and at the direction of Plaintiff's counsel, paralegals, including Paula Vasquez, attempted to locate the correct department and contact information to send the claim. (Vasquez Aff. ¶¶ 4-6, ECF No. 23-1; Valle Aff. ¶ 7, ECF No. 31-1.) They contacted various federal agencies. (Vasquez Aff. ¶ 7, ECF No. 23-1.) They contacted the DOD Office of the Inspector General and were directed to send it "to the Office of the General Counsel." (Vasquez Aff. ¶¶ 7, ECF No. 23-1; Valle Aff. ¶ 7, ECF No. 31-1.)

Additionally, on February 3, 2020, Ms. Vasquez sent an email with subject "Form 95: Ernest Fernando" to osd.soco@mail.mil with an attachment entitled "Office of General Counsel SOCO 2.3.20.pdf." (*See* Feb. 3, 2020, email, ECF No. 23-1 at 8.) Ms. Vasquez believed that she emailed the Form 95 and accompanying letter to an email address located for DOD. (Vasquez Aff. ¶ 8, ECF No. 23-1 at 2.) However, the email address used by Ms. Vasquez is for an email box for

employees of the Office of the Secretary to Defense to request ethics guidance. (Harrington Decl. ¶ 7, ECF No. 25-2.) DOD-SOCO is the DOD Standards of Conduct Office, an office within the DOD Office of General Counsel, but not the DOD's office for receiving tort claims. (*Id.*) Upon receiving Plaintiff's response to this motion, Mark Herrington, Associate Deputy General Counsel for the DOD's Office of General Counsel, requested that DOD-SOCO conduct a search of DOD-SOCO's inbox for the email account associated with osd.soco@mail.mil and of all email accounts within DOD-SOCO's office for the month of February 2020, but the search found no evidence that any DOD-SOCO employee's email received the February 3, 2020 email that was provided as an attachment to Ms. Vasquez's affidavit. (*See id.* ¶ 8-9.)

As explained in a letter sent by the AOUSC to Fernando's attorney on February 10, 2020, the AOUSC received Fernando's mailed claim on February 5, 2020, but because the appropriate agency to evaluate the claim appeared to be the DOD, an AOUSC employee forwarded the claim to the DOD on February 10, 2020. (*See* Lewis Decl. ¶¶ 4-6, ECF No. 14-1; Feb. 10, 2020, Letter, ECF No. 14-4; Ex. A-4, ECF No. 14-5; Ex. A-5, ECF No. 14-6.) The claim, however, was mistakenly sent to the DOD's Office of the Inspector General vice OGC, and the claim did not arrive to the DOD's Office of the General Counsel until March 4, 2020. (Harrington Decl. ¶¶ 1, 4, ECF No. 14-7.)

Plaintiff subsequently filed his federal complaint for negligence and negligence per se against the United States. (Compl. 3-5, ECF No. 1.) Defendant moved to dismiss the complaint for failing to timely file the administrative claim with the proper federal agency in accordance with the FTCA.

III.   ANALYSIS

As a sovereign, the United States is immune from suit unless it consented to be sued. *See Hart v. Department of Labor ex rel. U.S.*, 116 F.3d 1338, 1339 (10th Cir. 1997). Congress enacted a limited waiver of the United States' immunity in the FTCA, which must be strictly construed. *See id.* The FTCA's time-bar is non-jurisdictional and subject to equitable tolling. *United States v. Wong*, 575 U.S. 402, 420 (2015).

"A tort claim against the United States shall be forever barred unless it is presented in writing to the *appropriate* Federal agency within two years after such claim accrues…." 28 U.S.C. § 2401(b) (italics added). A claim is deemed presented to the appropriate agency by filing "an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident." 28 C.F.R. § 14.2(a). The appropriate federal agency is the one "whose activities gave rise to the claim." 28 C.F.R. § 14.2(b)(1). When a claim is presented to the wrong agency, "that agency shall transfer it forthwith to the appropriate agency, if the proper agency can be identified from the claim, and advise the claimant of the transfer." *Id.* "A claim shall be presented as required by 28 U.S.C. 2401(b) as of the date it is *received* by the appropriate agency." *Id.* (italics added).

> A. **The filing of Plaintiff's claim was untimely because he submitted it to the wrong agency, and it was not received by the proper agency within the statute of limitations period**

Plaintiff faxed and mailed his Form 95, which named the DOD in the claim, to the AOUSC on February 3, 2020, the day before the statute of limitations for filing an administrative claim ran. There is evidence that the AOUSC received a fax on February 4, 2020, but the AOUSC was not the proper agency. The mailed copy did not arrive to the AOUSC until February 5, 2020, the day

after the statute of limitations expired. The AOUSC attempted to transfer the claim to the proper agency, but the statute of limitations had already run.

Plaintiff also submitted evidence of a separate email Ms. Vasquez sent to a DOD-SOCO email address on February 3, 2020. The undisputed evidence shows that the email Ms. Vasquez used was for employees of the Office of the Secretary to Defense to request ethics guidance. Neither DOD-SOCO nor the specific email address is the proper method for filing tort claims against the DOD. (*See* Harrington Decl. ¶ 7, ECF No. 25-2.) Moreover, the United States submitted evidence, unrefuted by Plaintiff, that the email was never received by anyone in DOD-SOCO anytime in February 2020. Plaintiff failed to present any evidence of *receipt* by the DOD of the email on or before February 4, 2020, such as a received receipt or read receipt. Accordingly, Plaintiff failed to meet his burden of showing evidence that he presented his claim in writing to the appropriate Federal agency within two years after such claim accrued. *See Moya v. United States*, 25 F.3d 501, 504 (10th Cir. 1994) (explaining that, under FTCA, it "is the plaintiff's burden to establish the proper agency's receipt" of the FTCA claim or request for reconsideration).

Plaintiff nonetheless contends that the Court should find that he constructively filed his claim within the statute of limitations period because counsel's paralegals contacted various federal agencies for direction on the address to send the Form 95, and those agencies provided the address to which Plaintiff sent the Form 95. As an initial matter, the evidence does not establish that a United States agency misdirected how Plaintiff should file his claim. According to Ms. Vasquez, she believes she contacted the DOD Office of the Inspector General and was directed to send the form to the Office of the General Counsel. (Vasquez Aff. ¶ 7, ECF No. 23-1.) That evidence does not show that they gave her the wrong address. Nor even the wrong entity. The

DOD Office of the General Counsel was the proper agency, but Plaintiff erroneously sent the claim to the AOUSC Office of the General Counsel.

Courts have recognized a timely constructive filing where the wrong agency receives the filing within the statute of limitations period, but it then fails to comply with its transfer duties in a diligent manner, resulting in the proper agency receiving the claim outside the limitations period. *See Hart*, 116 F.3d at 1341 ("Therefore, adopting the Seventh Circuit's position, we hold that if the agency fails promptly to comply with the transfer regulation and, as a result, a timely filed, but misdirected claim does not reach the proper agency within the limitations period, the claim may be considered timely filed."); *Bukala v. United States*, 854 F.2d 201, 204 (7th Cir. 1988) ("It is only when a federal agency fails to comply with the transfer regulation that a timely but misdelivered claim may nevertheless be deemed timely presented to the proper agency.").

The *Hart* case is instructive here. In *Hart*, the plaintiff filed her claim against the United States with the wrong agency on the last day of the two-year limitations period. *See Hart*, 116 F.3d at 1340. That agency transferred the claim to the appropriate federal agency, which received it outside the two-year limitations period. *See id.* at 1340-41. The plaintiff argued that her filing with the wrong federal agency should constitute a constructive filing with the appropriate federal agency. *Id.* The Tenth Circuit disagreed, because her failure to file in a timely manner with the proper agency could not be attributed to the dilatory conduct of any federal agency, but instead, was the result of her "eleventh hour" misdirected filing. *Id.* at 1340-41.

In this case, Plaintiff faxed and sent his Form 95 the day before the limitations period ran to the AOUSC, the undisputed wrong agency. The AOUSC received Fernando's claim on February 5, 2020, which was already outside the limitations period. It forwarded the claim to the DOD on February 10, 2020. Although the AOUSC mistakenly sent the claim to the wrong DOD agency,

8

even if the AOUSC had sent it to the correct DOD office, it would not have arrived within the statute of limitations period. Plaintiff filed his claim at the last minute and did not provide the agency enough time to transfer his misdirected filing within the limitations period. With respect to Ms. Vasquez's February 3, 2020, email, there is no evidence DOD received that email on or before February 4, 2020. The consequences of the risk of a last-minute incorrect submission are borne by the plaintiff. *Oquendo-Ayala v. United States*, 30 F.Supp.2d 193, 195 (D. Puerto Rico 1998) ("He who files at the last minute takes the risk that a misidentified claim will not be transferred to the appropriate agency on time.")

Plaintiff has not shown that DOD received his claim before the statute of limitations expired. Because Plaintiff's failure to submit his claim to the correct agency cannot be attributed to dilatory conduct on the part of a federal agency, Plaintiff's claim is time-barred. *Cf. Hart*, 116 F.3d at 1341 (explaining that there is no compelling reason to allow constructive filing when a claimant waits until the eleventh hour to file and misdirects the filing without providing enough time for the misdirected claim to reach the proper agency within the limitations period); *Bukala*, 854 F.2d at 204 ("Where one agency of government attempts in a dutiful and timely fashion to transfer a misdelivered claim to the appropriate federal agency and despite due diligence the claim arrives at the proper agency *after* the two-year limitations period has run, the claim will be time-barred."); *Oquendo-Ayala*, 30 F.Supp.2d at 195-96 (granting motion to dismiss plaintiff's FTCA claim as time-barred where plaintiff submitted claim eight days before statute of limitations ran to wrong agency, which properly transferred claim to correct agency, but who received it after two-year limitations period had run).

**B.     Plaintiff has not shown that equitable tolling should be applied**

Equitable tolling is a "discretionary matter for the district court" that "'is granted sparingly.'" *Chance v. Zinke*, 898 F.3d 1025, 1034 (10th Cir. 2018) (quoting *Impact Energy Res., LLC v. Salazar*, 693 F.3d 1239, 1246 (10th Cir. 2012)). The party seeking equitable tolling "bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Id.* (quoting *Credit Suisse Sec. (USA) LLC v. Simmonds*, 566 U.S. 221, 227 (2012) (emphasis and further citation omitted)). Both requirements are distinct elements that a litigant must establish. *Menominee Indian Tribe of Wisconsin v. United States*, 577 U.S. 250, 256 (2016).

In his supplemental brief, Plaintiff argues that the statute of limitations should be equitably tolled, because, at the time he submitted his claim, the Covid-19 pandemic was beginning and his reliance on the direction of the various agencies was especially reasonable. Plaintiff, however, fails to explain why he waited until the day before the statute of limitations ran to submit his claim or to set forth any efforts he undertook that would show due diligence. Moreover, there is no evidence that the Government thwarted his due diligence. When counsel's office contacted the DOD Office of the Inspector General, they were told to send it "to the Office of the General Counsel." The evidence submitted by Plaintiff does not show that DOD gave them the wrong address. Instead, Plaintiff sent the claim to the wrong Office of the General Counsel – the AOUSC Office of the General, rather than the DOD Office of General Counsel.

Plaintiff also argues that the Covid disaster interrupted the operation of most businesses and had a profound impact on counsel's office. The websites cited by Plaintiff regarding the declaration of an emergency for New Mexico show the earliest Declaration Date of the Disaster as March 13, 2020, over a month after the statute of limitations ran on the claim. *See* Pueblo of Santa Ana Covid-19, https://www.fema.gov/disaster/3558 (last visited April 27, 2023) (listing

Mar. 13, 2020 as declaration date); New Mexico Covid-19 Pandemic, https://www.fema.gov/disaster/4529 (last visited April 27, 2023) (listing Apr. 5, 2020 as declaration date). Plaintiff does not explain how the pandemic affected his ability to file his claim timely in early February 2020, before the pandemic began causing offices and agencies to close to in-person work in New Mexico. Plaintiff has not presented evidence linking the pandemic to counsel's inability to determine the correct DOD address or explaining why he could not submit the claim until the day before the statute of limitations ran. He thus did not meet his burden to show that extraordinary circumstances stood in his way. The Court will therefore not apply the equitable tolling doctrine here.

**IT IS THEREFORE ORDERED** that the United States' *Motion to Dismiss Plaintiff's Complaint for Personal Injuries and Property Damage, and Memorandum in Support* (**ECF No. 14**) is **GRANTED**. The Court grants summary judgment to Defendant. This case is hereby **DISMISSED**.

_____
SENIOR UNITED STATES DISTRICT JUDGE